## Haskins *versus* Tate.

Where a devise of land contains a limitation to a class, which may include persons not yet born, the time of the distribution defines the members that are to constitute the class.

A testator devised as follows: " I further will that the plantation I bought of my son Robert, lying near Hill's Mill, shall be equally divided amongst my son Robert's children, he and them enjoying the benefits of it whilst he lives."
*Held,*

1st. That Robert took a life estate in the premises so devised.

2d. That the division amongst the children was to be made at Robert's death.

3d. That children born after the death of testator, and living at the death of Robert, participated equally with those born before.

ERROR to the Common Pleas of *Fayette county.*

The action was ejectment, in which the parties agreed upon the following case stated, with leave for either party to take a writ of error.

John Tate being seised of the land in dispute, by his will dated September 4, 1799, proved December 13, 1799, which will is made a part of this case, among other things devised as follows, viz.: " I will and devise that my son, Robert Tate, shall have that part of the plantation whereon I now live, to contain 170 acres, to live upon and make use of during his life, and at his decease to

[Haskins *v.* Tate.]

be equally divided amongst his children; and further, I will that my son John Tate shall have and fully possess and enjoy the residue of the plantation I live upon; to be disposed of by him as he pleaseth.   And I further will that he shall have my horse.   *I further will that the plantation I bought of my son Robert Tate, lying near Hill's Mill, shall be equally divided amongst my son Robert Tate's children, he and them enjoying the benefits of it whilst he lives.*"

Robert Tate, at the date of the will and the decease of his father, the testator, had two children, John and Edward.   He afterwards had eight more, of whom the plaintiff, who was born in August, 1824, is one.   The whole ten are still living.   The title of John and Edward is vested in the defendants or one of them. Robert Tate died in 1833.   If the Court are of opinion that the plaintiff took under the devise last above recited, then judgment to be entered for him, for one-tenth of said land, otherwise judgment to be entered for defendants.

The Court below (GILMORE, P. J.) rendered judgment on the case stated in favour of "the plaintiff, for the one undivided tenth part of the premises."

*N. Ewing, J. B.* and *A. Howell,* for plaintiff in error.—It is admitted that if the children in this latter devise take a vested fee, none can take except those in existence at the death of the testator.   In the first devise, he gives Robert a life estate directly, in the latter, he gives it directly to the children, "he and them enjoying it whilst he lives."   The children take a present fee, not an expectancy.   Robert had a joint usufruct with them during his life.   There is no remainder created to open for the benefit of after-born children.   It is identical with Calhoun *v.* Jester, 1 *Jones* 474.   There A. had the privilege of living on it with his children during his life; here he was to enjoy it with them.

They also cited *Cowp.* 314; 2 *Vern.* 545; 2 *Atk.* 121–2, note 2; *Pr. Ch.* 470; 2 *Ves.* 83; *Amb.* 348; 1 *Bro. Ch. Rep.* 532; 2 *Id.* 658; 3 *Id.* 352, 434, 391; 1 *Atk.* 470; *Id.* 509; 2 *Id.* 329; 1 *Vesey* 111; 1 *Bro. Ch. Rep.* 386; *Id.* 530, 537; *Cowp.* 309; 3 *Bro. Ch. Rep.* 401, 416, 404; 5 *Binn.* 611; 3 *Whart.* 305; 6 *Ves.* 43, 49.

*Ewing,* for defendant in error.—Robert Tate took a life estate, whether solely or otherwise is immaterial here.

By a devise of the net proceeds of land, the land itself passes: Carlyle *v.* Canon, 3 *Rawle* 489, 492.   So also upon a devise of the rents, profits, and income: Anderson *v.* Greble, 1 *Ash.* 138. So too by a devise of the "free use" of the land: 1 *Saund.* 186, Cook *v.* Gerrard.   So a devise of the "occupation:" 2 *Plowden*

[Haskins v. Tate.]

524, Weleden v. Elkington. So upon a devise of the rents and profits *to be paid to the devisee by the executor :* South v. Alliene, 1 *Salk.* 228. A devise of the "income" of real estate passes the land itself : Reed v. Reed, 9 *Mass.* 372.

In McCullough's Appeal, 2 *Jones* 197, the testator devised that his wife *and children* shall dwell on his farm, and have the use of it for the education of his children and her own necessary wants. In case she married, she was to move off the premises and deliver the same to his executors. He again mentioned that his wife, "so long as she remained his widow and during her natural life, should have her maintenance and support off the farm." The testator then devised the farm to his son William. This Court held that "the provision for the wife is a devise of the profits, and consequently of the land to her for life, in the first instance."

It is alleged that the devise gave Robert a mere privilege of living on the place with his children. But it will be seen that in the preceding devise the testator had given Robert *the* 170 *acre tract, to live upon and make use of during his life.*

It being plain, therefore, both from the will itself, and upon the authorities cited, that Robert took a life estate, the remainder opens and lets in the after-born children, as they come into being : Wager v. Wager, 1 *Ser. & R.* 374, 377–8–9, and cases there cited ; Minnig v. Batdorf, 5 *Barr* 505 ; *Cro. Eliz.* 335.

It is evident that the *division* was not to take place, and indeed could not be made *amongst* the children of Robert Tate, until the determination of Robert's interest, that is, until his death : and, therefore, all who came into being before that period participated in the division.

It is admitted that the testator, in the use of the word "children," in the preceding devise of the 170 acres, meant *all* the children. It cannot be doubted, then, that when, in the next sentence, he uses the same word, he meant the same persons.

The opinion of the Court was delivered by

LOWRIE, J.—We think this case falls within the rule that, on a limitation to a class, which may include persons not yet born, the time of the distribution defines the members that are to constitute the class. It is very plain that Robert Tate took a life estate by the devise ; but whether in the whole or not, we need not determine. The question is, do his children, born after the death of his father, the testator, take any estate ? The devise is, that the land shall be equally divided among Robert's children, he and they enjoying the benefits of it while he lives. At that time he had two children, but died leaving ten. If we put the life estate first, the intention may appear in a more orderly form ; thus, let Robert and his children enjoy it for life, and then let it be divided. The thought of the testator must have been about a division then,

and he must have meant the children who should then be living, else he would have said what children. It is unreasonable to suppose that the testator was intending that his son's children should claim to divide with their father in his lifetime; and even if they might do so, that is not the division he was thinking of, but the division among the children only. This view receives further confirmation from our customs and laws, which favour equality among children, and from the presumption that testators recognise the justice of this rule.

Judgment affirmed.