# Billings's Estate (No. 1).

*Wills—Codicil—Revocation — Republication — Construction of codicil.*

1. A codicil and a will must be construed together.

2. A codicil revokes the will only in so far as it is ·inconsistent with the original writing.

3. A codicil serves as a republication of the will as of the date of the codicil.

*Will—Legacies—Lapse of part of residue—Gift to class—Intention—Survivorship—Codicil.*

4. A "gift to a class" is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift to be ascertained in the future, who are to take in equal or other definite proportions, the share of each being determined for its amount upon the ultimate number.

5. Members who are to constitute a class are determined at the time of distribution.

6. Whether a gift is to a class or to the individuals constituting the class depends upon the intention of the testator as indicated by the language of the will.

7. If, at the time of making the gift, the number of beneficiaries is certain and the share each is to receive is in no way dependent in amount upon the number who shall survive, it is not a gift to a class but to the individuals.

8. Even though the beneficiaries be named the gift may still be one to a class if it appears from the will that the testator so intended, and that the enumeration was merely for the purpose of fixing with certainty the members of the class.

9. Where a testatrix gives her residuary estate to her ten nephews and nieces share and share alike, naming them, and directs that should any die before receiving his or her share, without leaving children, the share of such deceased should become a part of the residuary fund and go to the survivors, and thereafter the testatrix executes a codicil, revoking the residuary bequest to a nephew and a niece, giving them, in place thereof, a specified money legacy, no intestacy results as to any part of the residuary estate, but the residue will be divided among the remaining eight nephews and nieces in accordance with the original terms of the will.

10. In such a case there is no application of the rule that if a legacy fails it passes to the next of kin and not to the remaining residuary legatees.

Argued May 3, 1920. Appeal, No. 138, Jan. T., 1920, by Thomas A. Crichton, Administrator of Walter J. Sears, deceased, from decree of O. C. Tioga Co., Sept. T., 1916, No. 3, dismissing exceptions to auditor's report in Estate of Sarah M. Billings. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Exception to report of G. Mason Owlett, Esq., auditor. Before SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions to the auditor's report. Thomas A. Crichton, administrator of Walter J. Sears, appealed.

*Errors assigned* were dismissal of exceptions and entry of decree, quoting them.

*T. A. Crichton,* for appellant.—A legacy which fails either by lapse or because void ab initio goes into the residue. But where some part of the residue itself is ill given the lapsed portion goes to the next of kin, and not to the residuary legatees: Gray's Est., 147 Pa. 67; Craighead v. Given, 10 S. & R. 351; Woolmer's Est., 3 Wh. 477; Reed's Est., 82 Pa. 428; DeSilver's Est., 142 Pa. 74; Nebinger's Est., 185 Pa. 399; Wetherill v. Lefferts, 254 Pa. 484; Garnier v. Garnier, 265 Pa. 175.

Where part of a residuary legacy is revoked without substitutionary gift, the amount passes to the next of kin and not to the residuary legatees: Waln's Est., 156 Pa. 194; Melville's Est., 245 Pa. 318; Riley's Est., 6 Pa. Dist. R. 691.

No general survivorship that could operate on the revoked gifts of shares in the residuary estate was created by the express provisions of the will; and the gift to the residuary legatees is not a gift to a class entailing survivorship as one of its necessary incidents: Nebinger's Est., 185 Pa. 399; Hancock's App., 112 Pa.

532; Bradley's Est., 166 Pa. 300; Sharpless's Est., 214 Pa. 335; Denlinger's Est., 170 Pa. 104; Reynolds's Est., 11 Pa. Dist. R. 387; Cooper's Est., 13 Pa. Dist. R. 127.

*Paul J. Edwards,* with him *Francis E. Watrous, Howard F. Marsh* and *Andrew B. Dunsmore,* for appellees.

OPINION BY MR. JUSTICE FRAZER, June 26, 1920:

Sarah M. Billings died in 1912, leaving a will in which she gave all her residuary estate "unto my nieces and nephews named to wit [naming them],......share and share alike to be paid to them respectively" in the manner stated, with further provision, should any die before receiving his or her share, and without leaving children, the share of such deceased should become part of the residuary fund and go to the survivors. In a codicil testatrix revoked the residuary bequests made to a nephew and niece and directed the persons named should not share in the residuary estate and, in lieu of such modification, gave each of the two a stated sum of money. No reference being made to the disposition of the revoked shares of the residue, the court below decided such shares passed to the remaining residuary legatees and no intestacy resulted as to any part of the estate.

In considering the question raised we must bear in mind the well established rules that a codicil and will must be construed together, that the codicil revokes the will only in so far as inconsistent with the original writing and that it serves as a republication of the will as of the date of the codicil. The application of these principles to the present will would prima facie sustain the view that the gift of the remainder, instead of being to ten beneficiaries named, was to eight. This construction would permit both the will and codicil to stand as a whole without conflict in any part and avoid an intestacy as to the revoked shares. Appellant relies for a

contrary interpretation upon the common law rule stated in Williams v. Neff, 52 Pa. 326, and Waln's Est., 156 Pa. 194, to the effect that a legacy which fails, either by lapse or because void, becomes part of the residue; but if the legacy which fails is part of the residue it passes to the next of kin and not to the remaining residuary legatees, which rule, it was held in the last named case, applies equally where the gift is revoked by codicil.

Appellee answers this argument with the contention that the gift of the residuary estate was not a gift to individuals but a gift to the nephews and nieces as a class, consequently the revocation of the gifts of two of the members of the group merely had the effect of excluding from the class without taking from the others the right to participate in the whole as a class: McGovran's Est., 190 Pa. 375.

A gift to a class has been defined as a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or other definite proportions, the share of each being dependent for its amount upon the ultimate number: 40 Cyc. 1473. The members who are to constitute the class are to be determined at the time of distribution: Haskins v. Tate, 25 Pa. 249. The question whether a gift is to a class or to the individuals constituting a class depends, of course, upon the intention of the testator as indicated by the language of the will.

If, at the time of making the gift, the number of beneficiaries is certain and the share each is to receive is in no way dependent in amount upon the number who shall survive, it is not a gift to a class, but to the individuals, as, for instance, where the individuals are named and their shares specified: Sharpless's Est., 214 Pa. 335. Even though the beneficiaries are named the gift may still be one to a class if it otherwise appears from the will that the testator so intended and that the enumera-

tion was merely for the purpose of fixing with certainty the members of the class: Sharpless's Est., supra.

In the present case, while the beneficiaries are specifically named, there is a survivorship created in the event of the death of any one of them without children, and the plan of equal division of the residue among the beneficiaries is carried out: Sharpless's Est., supra (page 339). When testatrix executed the codicil she made no attempt to change the provisions of her will except to the extent specifically stated, which directed that a nephew and a niece should not share in the estate. Testatrix in so doing clearly indicated an intention to divide the residue among the remaining eight nephews and nieces and the survivor or survivors of them, if any died without issue. In our opinion these provisions are sufficient to overcome the effect of designating the beneficiaries by name and that testatrix intended them to take as a class. It follows that the exclusion of the persons named from the class had the effect of increasing the value of the shares of the remaining members of the class.

The decree is affirmed. Costs to be paid by appellant.