## Hatzfeld's Estate

*J. Ernest Nachod*, for accountants.

KNIGHT, P. J., thirty-eighth judicial district, specially presiding, May 11, 1945.—Edward S. Hatzfeld died on April 27, 1944, having made his last will and testament bearing date of April 11, 1944, duly probated on May 6, 1944, on which the present letters were granted to the accountants, who were appointed executors.

By the first item of his will testator directed his executors to pay to Hillside Cemetery Company a sum not exceeding $300 for the perpetual care of his lot; in the second, bequeathed to George Halbig all his tools, clothing, and personal effects and $100 in cash; in the third, his plain gold finger ring to his daughter, Ruth New, and $100 in cash; in the fourth, to Edwin Fischer,

trustee, the sum of $1,000 in trust, to be deposited by said Fischer in the Philadelphia Savings Fund Society; if and when testator's daughter, Helen Wucherer, shall be discharged from prison, the said sum, in such proportions and payments as to the trustee may seem advisable, shall be paid over to the said Helen Wucherer to assist her in starting life all over again; and in the fifth, bequeathed to Edwin Fischer the sum of $500 for his services as executor and trustee. In the sixth item testator gave, devised, and bequeathed the residue of his estate to the Old Age Home of the Independent Order of Odd Fellows, at Middletown, Dauphin County, Pa.

In the codicil, which is without date, testator provided as follows: "All of my U. S. War Bonds now in the names of Ruth New, Helen Wucherer & Edward S. Hatzfeld to be cashed by my executors and made a part of my estate. And any other cash & bonds as are now in my lock box at the Germantown T. & T. Co. & Chestnut Hill T. & T. Co.

"If my daughter Helen Wucherer should die before she is released from prison the only money $1000 to be given to the Old Age Home for Odd Fellows at Middletown Dauphin Co. Penna."

The first question submitted for decision is whether the bequest of the residuary estate under clause sixth of the will should go to the Old Age Home of the Independent Order of Odd Fellows, or whether this, being a charitable bequest, is not void by reason of the fact that the will was executed on April 11, 1944, and decedent died on April 27, 1944, less than 30 days after the execution of the will.

In Lowe's Estate, 326 Pa. 375 (1937), a bequest to the Odd Fellows Home for the Aged and Infirm of Pennsylvania, located at Grove City, Mercer County, as a memorial to the parents of testatrix, was held to be a bequest for a charitable use, since an applicant for

admission to the home had no legally enforcible right to enter; and since testatrix, in that case, died within 30 days of the making of her will, the bequest became void under section 6 of the Wills Act of June 7, 1917, P. L. 403, and the void bequest, having been of the entire residue, was awarded to the next of kin of testatrix. That case is decisive of the one now before us. The residue is accordingly awarded to testator's two daughters, his only next of kin, his wife having predeceased him, Ruth New and Helen Wucherer.

Defense savings bond in the name of decedent, no. C-626710-E, appraised value of $78, was found to be issued in the name of decedent, payable on death to his son-in-law, Gustave Wucherer. Gustave Wucherer predeceased decedent. It was likewise found that decedent had, in his own handwriting, inserted before the name "Gustave Wucherer", the abbreviation, "Mrs.", indicating that he intended this to be payable on death, not to his son-in-law, but to his daughter, who is living. The question is submitted in the petition for adjudication whether the proceeds of the bond should be awarded to decedent's daughter, Helen Wucherer, or as part of the residuary estate.

If the intention of testator was to change the name of the registered co-owner of the bond, he did not accomplish the purpose. The bond remained registered in the name of decedent and Gustave Wucherer, and the proceeds were paid to testator's estate as the surviving registered co-owner. If his intention was to make an inter vivos gift of the bond his purpose was not accomplished because there was no delivery of the subject. The proceeds are therefore properly part of the estate and Helen Wucherer has no interest therein.

As before noted, testator, in the fourth item of the will, provided for a legacy of $1,000 in trust. The provision is as follows: "I give, devise and bequeath to Edwin Fischer, Trustee, the sum of One Thousand

($1000.00) Dollars in trust nevertheless, and the said sum is to be deposited by him in the Philadelphia Savings Fund Society. If and when my daughter, Helen Wucherer, shall be discharged from prison, the said sum, in such proportions and payments as to the said Edwin Fischer may seem advisable shall be paid 'over' to the said Helen Wucherer to assist her in starting life all over again."

In the codicil he provided, inter alia, as follows: "If my daughter Helen Wucherer should die before she is released from prison the only money $1000.00 to be given to the Old Age Home for Odd Fellows at Middletown Dauphin Co. Penna."

It will be observed that no disposition is made by testator of the income of this $1,000 which he has directed to be held in trust during his daughter's incarceration. To accumulate the income during that time would be a violation of section 9 of the Act of April 18, 1853, P. L. 503, 20 PS §3251, forbidding accumulations, and we believe that any income derived from the fund would be payable to decedent's next of kin, his two daughters above named. The act forbids accumulations resulting by indirection no less than where they are expressly ordered: Neel's Estate, 252 Pa. 394 (1916) ; Billings' Estate (No. 1), 268 Pa. 67 (1920).

The account shows a balance for distribution of $5,798.54, composed of inventory value of Ford coupe, lumber and paint, miscellaneous tools $34, war savings bonds $1,060, 85 shares Deep Tunnel Mining Company, no value, and cash. The distribution account shows that the pecuniary legacies of $100 each to Ruth New and George Halbig and $500 to Edwin Fischer have been paid, and that the Ford coupe, lumber, paint, and miscellaneous tools have been delivered to George Halbig.

The transfer inheritance tax has not been paid. The amount as found to be due will be awarded to the regis-

ter of wills and payment thereof reflected in the schedule of distribution hereinafter directed to be filed.

The accountants requested and are allowed an additional credit of $21, paid for cost of filing the account. They also requested and are allowed a credit for the sum of $390, being appraised value of savings bond, series "E", no. D-218370-E, appearing as third from the last in the list of bonds set forth in the inventory and appraisement, said bond having been found to have been issued in the name of decedent, payable on death to his daughter, Ruth New, so that this estate has no interest in the bond.

Subject to distributions already properly made, the balances of principal and income for distribution are awarded as suggested under the last paragraph of the petition for adjudication.

The account is confirmed, and it is ordered and decreed that George Halbig and Edwin Fischer, executors as aforesaid, forthwith pay the distributions herein awarded.

Counsel for accountants shall file a schedule of distribution in duplicate.

And now, May 11, 1945, this adjudication is confirmed nisi.