## The Littlestown National Bank v. Little

*Brown, Swope & MacPhail*, for petitioner.
*Oscar F. Spicer*, guardian ad litem.

SHEELY, P. J., June 16, 1962.—In this declaratory judgment proceeding we are called upon to construe paragraph fifth (c) of the will of Frank L. Matthias, who died April 19, 1950. The same relief sought here could have been reached by the bank filing its account and asking for distribution. However, since the problems involved have been ably argued by the guardian ad litem and by counsel for the trustee we will dispose of them in this action. The relevant portions of the paragraph are as follows:

"All the rest, residue, and remainder of my assets I devise and bequeath to the Littlestown National Bank in trust . . . to pay the annual net income therefrom to the children of David S. and Marian Little . . . in equal shares until such time as they arrive at the age of 21 years, at which time the trustee shall distribute the net corpus of said fund to the children of David S. and Marian Little."

At the time of decedent's death, David S. Little and Marian Little had the following children: Ned Allen Little, born July 15, 1940; Carole Kay Little, born February 5, 1942; Patty Louise Little, born April 8, 1947.

Since the death of decedent, the following children have been born: John Little, born July 11, 1951; Jay Little, born May 20, 1955. All of the children are living.

Ned Allen Little arrived at the age of 21 years on July 15, 1961, which raises the question of what, if any, distribution of corpus should be made at this time, and to whom. It also appears that the trustee has made no distribution of income since the inception of the trust, so that we have the additional question of who was entitled to income, and when.

The beneficiaries of the trust were: "The children of David S. and Maria Little" without naming them or indicating the number of such children, and they were to take in equal shares. It is clear that testator intended this to be a gift to a class rather than a gift to certain individuals, and that he intended after-born children to be included. "Where the gift is 'of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or other definite proportions, the share of each being dependent for its amount upon the ultimate number,' the gift is to a class": Worstall's Estate, 125 Pa. Superior Ct. 133, 139 (1937); Billings' Estate (No. 1), 268 Pa. 67, 70

(1920). "A bequest to a number of persons not named, but answering a general description, is a gift to them as a class, where a contrary intention does not appear from the will": Wood's Estate, 321 Pa. 497, 500 (1936). One of the effects of a gift to a class is to include in the gift those who are members of the class at the time of distribution (Haskins v. Tate, 25 Pa. 249 (1855)), thus including children born after the making of a gift and prior to distribution.

The trustee here referred twice to "the children of David S. and Marian Little". By directing that the annual net income be distributed to the children of David S. and Marian Little and that ultimately the net corpus of the estate trust fund be distributed to the children of David S. and Marian Little, he indicated his intention to include in the gift any children born after his death and that as each child was born he was to share in the annual income of the fund equally with the other children until final distribution at which time all the children would share equally in the corpus of the fund. See Restatement, Property, §295, comment (i).

It follows that the trustee erred in not distributing the income from the fund annually to the children then living. The annual distribution date should be the anniversary of testator's death, April 19, with the first distribution computed as of April 19, 1951, distributing as of that time income earned during the period of administration to that date. Since the trustee has accumulated the income we assume it has been invested, a factor which must be considered in making a distribution of income at this time.

The next question presented is what, if any, distribution of corpus is to be made since the oldest child has reached the age of 21 years. Did testator intend that no distribution of corpus should be made until all of the children of David S. and Marian Little arrived

at the age of 21 years and that the class should remain open until that time which, obviously, could not be determined until after the death of either one of the parents? Or, did he intend that when any one of the children should reach the age of 21 years distribution should be made which would necessarily mean that children thereafter born would be excluded?

Almost the identical language of the bequest in this case was considered in Schuldt's Estate, 199 Pa. 58, 62 (1901), where the will provided that certain money should be "held in trust . . . for my five grandchildren, viz.: . . . the interest thereof to be paid to them semi-annually until they have reached the age of twenty-one years when the said principal sum . . . shall be divided equally amongst my surviving grandchildren . . . should there be any more grandchildren born unto my son Edward, then such child, or children, shall share equally, with the others, above mentioned grandchildren." It was held that the gift vested indefeasibly in the members of the class when one of them attained the required age and distribution was awarded to them, notwithstanding the possibility of additional grandchildren being born unto Edward.

The reasons for this rule are discussed fully in Austin's Estate, 315 Pa. 449 (1934), where the court said at page 452:

"The English decisions recognize the difficulty of the problem and lay down the rule that where a gift is made to such children of a class as may reach a certain age, as in the case here, the class is closed when one member of it reaches the prescribed age, and no after-born child can be included in it . . . and hold that this is adopted as a 'rule of convenience' although it is frankly conceded that this is merely cutting the knot rather than untying it."

See also Restatement, Property, §295, comments (j) (k), where this subject is discussed at length under

various forms of expression by which enjoyment of a gift to a class might be postponed.

It follows that since Ned A. Little has arrived at the age of 21 years the class to whom the gift was made is now closed and children hereafter born to David S. Little and Marian Little cannot be included. Distribution must now be made of the corpus to the five children. Guardians will have to be appointed for those who are minors.

And now, June 16, 1962, the Littlestown National Bank, trustee under the will of Frank L. Matthias, deceased, is directed to file its final account as trustee together with a proposed schedule of distribution based on this opinion.