FRANCIOSA, J.,
— The issues in this case are: (1) Whether the renunciation by Helen Dunn Stevenson of two percent of her life interest in a trust accelerates two percent of the remainder interest, and (2) whether children adopted by Helen Dunn Stevenson are to be included in the class of residuary remaindermen under subparagraph (5) of paragraph “FIFTH” of her father’s will which interchangeably created a remainder interest for Helen’s children or issue.[1]
On June 21, 1918, Albert R. Dunn executed a will in which paragraph “FIFTH” established a residuary trust. Albert Dunn directed the trustee to distribute one-half part or share of the trust income to his daugh *637 ter, Helen, for the term of her natural life and the other one-half of the income to be paid to the guardian of his son, Ralph Miller Dunn, for the term of his natural life. This trust, after describing other conditions governing distribution of the income, provides as follows:
“(5) To pay, upon the death of the survivor of my two children, all of the principal and accumulated income from my estate unto the children of my daughter, Helen, share and share alike, or their heirs, and if my daughter, Helen shall have died without issue, to pay the said principal and accumulated income share and share alike, unto my son-in-law, Markley Stevenson, Helen Chew, of Philadelphia, and the Easton Hospital, or the survivors or survivor of them.”
At Albert Dunn’s death on May 16, 1924, he was survived by two living children; Helen, who had married, but had not borne any natural children; and his son, Ralph Miller Dunn, a spastic, in ill health and who was 13 years older than Helen.
After her father’s death, Helen and her husband adopted two children, Michael Stevenson on November 18, 1927, and Patricia Stevenson Whitwell on November 24, 1931.
On October 21,1969, Michael Stevenson and Patricia Stevenson Whitwell instituted a declaratory judgment action naming Easton Hospital and Nazareth National Bank and Trust Company, successor trustee, as respondents. The court was asked to declare that the adopted Stevenson children, rather than Easton Hospital, were Albert Dunn’s intended remaindermen under the residuary trust. At the time the petition for a declaratory judgment was filed, Helen was approaching her eightieth birthday. She had become the sole income beneficiary of the trust, since her brother, R,alph, had predeceased her. Also, the death of her husband, Markley Stevenson, and that of a Helen Chew, left the *638 Easton Hospital as the surviving residuary legatee if it were to be determined that she died without issue. For this reason, Helen sought to use the declaratory judgment proceedings as a means to testify, during her lifetime, that her father intended her two adopted children to be included in the remainder interest created by paragraph “FIFTH” of his will thereby preventing its distribution to the Easton Hospital upon her death.
On December 19, 1969, Helen’s deposition was taken.[2] Thereafter, on November 3, 1970, the court entered an order dismissing the petition for a declaratory judgment. The order of dismissal was entered without prejudice to the petitioners therein to present the same facts and issues for determination at such time as it may be necessary for the court to adjudicate who are to take under the remainder interest created by paragraph “FIFTH” of Albert R. Dunn’s will.
On September 3, 1970, approximately two months prior to the dismissal order and in anticipation of it, Helen filed with the court and Nazareth National Bank and Trust Company, successor trustee, a renunciation. Under it, she released and disclaimed her life interest in two percent of the trust. In response to the renunciation, the trustee has filed an interim account for the period of November 15, 1959, to November 15, 1970. In its statement of proposed distribution, the trustee requests the court’s approval to retain the entire principal of the trust and accumulate the income from the *639 renounced two percent life interest until Helen dies, at which time a final account and statement of distribution will be filed.
Michael Stevenson and Henry R. Newton, Esq., guardian ad litem for the minor children of Patricia Stevenson Whitwell,[3] have taken exception to the statement of proposed distribution contending that Helen Dunn Stevenson’s renunciation makes two percent of the trust corpus and the income accumulated thereon immediately distributable to them.
We do not reach the question of the rights of Michael Stevenson and the minor children of Patricia Stevenson Whitwell in the residuary estate unless we first decide that Helen’s renunciation has accelerated two percent of the corpus of the trust.
As was pointed out in Feeney’s Estate, 293 Pa. 273, the doctrine of acceleration is not an arbitrary one but is founded, in the case of a will, on the presumed intention of the testator and is applied in the promotion of the presumed intention of the testator and not in defeat of his intention. When it is the intent of the testator that the remainder shall not take effect until the actual expiration of the prior donee, the remainder will not be accelerated. See Metzgar Estate, 395 Pa. 322; also Ludwick’s Estate, 269 Pa. 365.
Albert R. Dunn did not give his daughter, Helen, the authority to terminate the trust he created. He declared categorically that upon her death the corpus of the trust is to be distributed to her children, or if she dies without issue, the principal and accumulated in *640 come, to be paid to his “son-in-law, Markley Stevenson, Helen Chew of Philadelphia, and the Easton Hospital, or the survivors or survivor of them.”
In our opinion, this language constitutes a class gift. A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift to be ascertained at a future time, and who are all to take an equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons: Hunter, Legacies and Devises, 11 (a); Billing’s Estate, 268 Pa. 67; Restatement, Property, secs. 243(k), 279.
Albert R. Dunn fixed the event upon which membership in the class would be ascertained; namely, upon the death of the survivor of his two children. In addition, while we recognize that the canons of construction favor our finding that the testator intended a vested rather than a contingent remainder, we are persuaded that by naming residuary legatees who are to take if Helen dies without issue, the testator has manifested an intent that possession rights in the remainder are not to be enjoyed until after the death of the surviving life tenant. Thus, acceleration of even a small portion of the remainder interest would be contrary to the express intention of the testator.
Considering the manifest intention of the testator as found in his will, we conclude that the renunciation by Helen Dunn Stevenson of two percent of her life interest in the trust does not operate as an acceleration of two percent of the remainder interests. Accordingly, at this time, we need not determine whether Helen’s after-adopted children are to be included in the class of residuary remaindermen under paragraph “FIFTH” of her father’s will.
The exceptions to the trustee’s interim account for the period November 15, 1959, to November 15, 1970, are dismissed.
*641 ORDER OF COURT
And now, this June 1,1971, the exceptions to the interim account of Nazareth National Bank and Trust Company, successor trustee, for the period November 15,1959, to November 15,1970, are dismissed.
The statement of proposed distribution submitted by the trustee is approved and said trustee is directed to retain the entire principal of the trust and to accumulate the income of the released and disclaimed two percent life interest until Helen Dunn Stevenson dies, at which time a final account and statement of distribution shall be filed.

 Helen Dunn Stevenson will be hereinafter referred to as “Helen.”

 Her deposition was taken pursuant to Pa. R.C.P. 4003(a)(1) for the purpose of preserving her testimony. A subsequent stipulation of record provides that the “deposition of Helen D. Stevenson shall constitute her testimony as though the above case had been tried before a jury or judge as the finder of fact.” This stipulation was extended to cover the declaratory judgment action and any further proceedings before the court pertaining to the Estate of Albert R. Dunn.

 Patricia Stevenson Whitwell, Helen’s second adopted child, died on February 23, 1970; she was survived by two living minor children. In the event the court determines the remainder interest includes Helen’s after-adopted children, as heirs of an adopted child they may assert a claim as residuary remaindermen.