## Lehman Estate

*William F. Martson*, for trustee.
*Joseph Potts, III*, for remainderman Mary Ward.
*Susan P. Windle*, for exceptants and conditional exceptants.

SHEELY, *J.*, November 26, 1980—Decedent, J. C. Lehman, died testate on August 28, 1915. His will was recorded in Cumberland County, Pa., in Will Book 29, Page 196, and passed most of his estate by a trust for which Farmers Trust Company of Carlisle, Pa., was named as trustee. The trust provided that after the death of the testator's wife and after payment of an annuity to another beneficiary, the trustee should pay the income of the estate to the testator's nephews, Jacob L. Ritchey, George Ritchey, Charles Lehman and to his grandnephew, Jacob C. Lehman, during their natural lives. One of the life beneficiaries, namely, Jacob C. Lehman, is the son of Charles Lehman, another life beneficiary.

The testator further provided that if any of the four beneficiaries should die, his share of the income should be paid to his children. If a beneficiary died without children, his share would not go to the deceased beneficiary's estate but would be divided

among the remaining beneficiaries or their children. On the death of the survivor of the four life beneficiaries, the estate was to be divided among the children of the four life beneficiaries per stirpes.

Charles Lehman died in 1943 and a dispute over the distribution of his share of the trust income arose in 1968. After a hearing an auditor determined that, in accordance with the testator's intent, Charles Lehman's share of the income under the trust should pass only to his surviving children and not to the estate of any child who predeceased him. This court approved the audit on February 6, 1968.

All four of the life beneficiaries are now deceased. The trustee therefore proposed to distribute the principal of the trust to the children of the deceased life beneficiaries as follows:

>0—To Jacob Ritchey's children,
>>No children living or dead
>
>1/3—To George Ritchey's living children,
>>No deceased children
>>1/6—to Carl Ritchey; 1/6—to John Ritchey
>
>1/3—To Jacob C. Lehman's living children,
>>No deceased children
>>1/6—to Maryella Edwards; 1/6—to Nancy O'Hanlon
>
>1/3—To Charles Lehman's living children,
>>1/3—to Mary Lehman Ward
>>0—to deceased child, Charles Lehman, Jr.,
>>>No children
>>0—to deceased child, Wilbur Lehman
>>>and his children, Charles N. Lehman
>>>and Susan Lehman Barry, no deceased
>>>children
>>0—to deceased child Isobel Krofchock and
>>>her living child, Patricia Shaw, no
>>>deceased children
>>0—to deceased child, Jacob C. Lehman, and
>>>his children, Nancy Lehman O'Hanlon and
>>>Maryella Lehman Edwards, no deceased children.

Notice of the proposed distribution was given to the five proposed beneficiaries of the corpus. No notice was given to the estates or heirs of the deceased children of Charles Lehman.

Objections were filed to the proposed distribution of the one-third share of the principal which was to go to Charles Lehman's children. The objections were filed by Susan P. Windle, attorney for Maryella Lehman Edwards, Nancy Lehman O'Hanlon and Charles N. Lehman, grandchildren of Charles Lehman. They claimed the share of the trust principal which their fathers, Wilbur Lehman and Jacob C. Lehman, would have taken as children of Charles Lehman had they survived the four life beneficiaries. Although Eleanor P. Lehman, Jacob C. Lehman's widow and executrix, now claims that she had no notice of the proposed distribution, she joined in these objections.

An auditor was appointed to determine the testator's intent. After considering the wording of the trust, the case law and the scheme of distribution, the auditor concluded that the testator's intent was to divide the principal of the trust only among the surviving children of the life tenants, per stirpes, and not to the grandchildren of the life tenants. The auditor confirmed the trustee's proposed plan of distribution.

The grandchildren of Charles Lehman excepted to the auditor's report, arguing that the Probate, Estates and Fiduciaries Code (hereinafter Probate Code), as amended, 20 Pa.C.S.A. §2514(5), permits them to share in the distribution of the trust principal. Conditional exceptions were filed by Susan P. Windle, attorney for the estates of Wilbur B. Lehman and Jacob C. Lehman, on the condition that they need only be determined if the exceptants

receive an adverse decision. Conditional exceptants first claim that they received no notice of the proposed distribution or the auditor's proceedings so that their exceptions, although not made within the time period set forth by the local rules, are not waived. Because they received no official notice of the distribution, we will hear their exceptions. Secondly, they contend that the estates of Wilbur B. Lehman and Jacob C. Lehman have a vested interest in the remainder of the trust although they did not survive the death of the last life beneficiary. The exceptions and conditional exceptions to the auditor's report are now before this court for a decision.

The first issue presented is whether section 2514(5) of the Probate Code should be applied to construe this testamentary trust. The same principals for construing wills apply to the construction of trusts: Matter of Tracy Trust, 464 Pa. 300, 346 A. 2d 750 (1975). In construing a will, the intent of the testator, if it can be ascertained, must prevail: Estate of Sykes, 477 Pa. 254, 383 A. 2d 920 (1978). To determine the testator's intent, a court must examine the words of the instrument, and, if necessary, the scheme of distribution, the circumstances surrounding the execution of the will and the other facts which have bearing on the issue: In re Estate of Patrick, 487 Pa. 355, 409 A. 2d 388 (1979). Canons of construction should be resorted to only if the testator's intent is otherwise unascertainable: Estate of Flinn, 479 Pa. 312, 388 A. 2d 672 (1978). Section 2514 of the Probate Code is a statutory canon of construction which exceptants argue should apply because the testator's intent cannot otherwise be ascertained.

Section 2514 of the Probate Code provides that:

"In the absence of a contrary intent appearing therein, wills shall be construed as to real and personal estate in accordance with the following rules:
". . .

"(5)  Time for ascertaining class. In construing a devise or bequest to a class other than a class described in section 2514(4), the class shall be ascertained at the time the devise or bequest is to take effect in enjoyment, except that the issue then living of any member of the class who is then dead shall take per stirpes the share which their deceased ancestor would have taken if he had then been living."

It is clear that if section 2514(5) applied to the present case, the exceptants would take per stirpes the share of the trust principal which their deceased fathers would take as children of a life tenant if they were alive. But section 2514(5) of the Probate Code does not apply to a testamentary trust which was executed in 1914, and which took effect upon the testator's death in 1915.

The present Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, specifically states the effective date as:

"This act shall take effect on July 1, 1972. The provisions of this code, so far as they are common to those of laws repealed herein, are intended as a continuation of such laws, and not as new enactments. All rights provided by and liabilities incurred under such earlier law are preserved and may be enforced."

Section 2514(5) of the Probate Code was first enacted by the Act of June 22, 1970, P.L. 398, 20 P.S. § 180.14, as an amendment to the Wills Act of April 24, 1947, P.L. 89. The Wills Act of 1947 specif-

ically stated at section 22: "This act shall take effect on the first day of January, one thousand nine hundred forty-eight, and shall apply only to the wills of all persons dying on or after that day." By its terms, section 2514 of the Probate Code could not apply to a will of a person dying before 1947.

Furthermore, the law that must be applied in interpreting the testator's intent is the law in effect at the execution of the will. However, words with legal or technical meanings in a will must be interpreted in accordance with the law in effect at the testator's death, unless the will clearly expresses a contrary intention: Collins Estate, 393 Pa. 195, 142 A. 2d 178 (1958). Section 2514(5) was not the law at either the execution of the will or the date of death of the testator, and should therefore not be used in determining who should take as children of the life beneficiaries under the testamentary trust.

To apply section 2514 to the instant case would give it retroactive application. Legislation is not normally given retroactive effect unless the legislature's intent to make it retroactive is clear and manifest: Statutory Construction Act of 1972, as amended, 1 Pa.C.S.A. § 1926. The application of section 2514(5) of the Probate Code to interpret a testamentary trust executed in 1914 and taking effect in 1915 is not prospective, merely because the final distribution under the trust has not yet taken place.

Exceptants argue that the courts have applied section 2514 of the Probate Code to interpret wills and trusts executed prior to its legislative enactment. They base their argument on the recent case of In Re Estate of DeRoy, 481 Pa. 403, 392 A. 2d 1355 (1978). In DeRoy, a testamentary trust was executed by the testator on May 25, 1918, and

shortly thereafter he died. The trust provided for income for life to a certain named beneficiary and on his death the trust principal to the children of the said beneficiary or to their issue, per stirpes. The court determined that a child adopted by the life beneficiary in 1933 was eligible to take the trust principal as a child under the trust. In reaching this decision the court relied on their decision in Tafel Estate, 449 Pa. 442, 296 A. 2d 797 (1972). Prior to the Tafel decision in 1972, the courts had created a rule of construction, engrafted on the statutory language, that in the absence of the testator's intent to the contrary, a gift by a testator to the children of another person did not include that person's children adopted after the date of the will. The court in Tafel abolished this judicially created presumption in favor of a rule of construction which would allow all adopted children to take as children in a will, unless a contrary intent was expressed in the will. Section 2514(7) of the Probate Code legislates the result reached in Tafel yet the court in DeRoy does not apply section 2514(7) of the Probate Code to retroactively reach that result. In fact section 2514(7) of the Probate Code is never even mentioned in DeRoy or in the more recent adoption case, Estate of Biddle, 487 Pa. 616, 410 A. 2d 782 (1980). The courts have merely disposed of an outdated presumption used in the interpretation of the term "children" in a trust or a will. Therefore, since section 2514 of the Probate Code is not expressly made retroactive by the legislature or given retroactive effect by the appellate courts, it does not apply to the case at bar. The exceptants are not entitled to receive the trust principal in the present case as children of Charles Lehman by virtue of section 2514(5) of the Probate Code.

Finally, we note that even if section 2514(5) of the Probate Code would otherwise apply to the distribution under this testamentary trust, by its terms, it applies only when there is no contrary intent expressed in the will. It is clear from the terms of the will and the scheme of distribution that the testator never intended Jacob C. Lehman to participate in the final distribution of the trust principal as a member of the class of children. The testator specifically included Jacob C. Lehman in the group of named life beneficiaries. Logic dictates against a conclusion that the testator gave the trust income to Jacob C. Lehman for life and then gave the deceased Jacob C. Lehman a remainder interest in the trust principal. Jacob C. Lehman could not take a share of the trust principal because to do so he would have to survive himself. The testator purposefully excluded Jacob C. Lehman from the class of children who could take the trust principal.

Furthermore, it is clear that the testator intended to imply a condition of survivorship on the takers of the trust principal by making the gift to the "children" of the life beneficiaries. The courts have held that the term "children" as used in a will excludes more remote relatives unless it is the clear intent of the testator to include them or unless the will is inoperative if "children" is not given a more expansive meaning: Worstall's Estate, 125 Pa. Superior Ct. 133, 190 Atl. 162 (1937). The auditor therefore held that the exceptants as grandchildren of the life beneficiaries were not included in the term "children" and could not take the trust principal.

However, the conditional exceptants argue that the gift to the children of the life beneficiaries was a gift to a class which gave the members of the class vested interests in the trust principal which were

not terminated by their failure to survive the life beneficiaries. By his language, the testator clearly created a gift to the class of children of the life beneficiaries.

"A gift to a class has been defined as a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or other definite proportions, the share of each being dependent for its amount upon the ultimate number. . . . The members who are to constitute the class are to be determined at the time of distribution." Billings's Estate, 268 Pa. 67, 110 Atl. 767 (1920).

The courts have held that when a gift is to a class and not to individuals, the share of a member who dies before the time for the distribution of principal falls in, and *absent a contrary intent in the will,* increases the shares of the surviving class members who take in preference to the issue or personal representative of the deceased class member: Wood's Estate, 321 Pa. 497, 184 Atl. 13 (1936). Since Isobel Krofchock, Wilbur Lehman and Charles Lehman, Jr. predeceased the life beneficiary Jacob C. Lehman, their interests fell in and increase the share to be taken by Mary Ward.

We therefore make the following

## ORDER

And now, November 26, 1980, in accordance with the opinion filed this date, the objections of the exceptants and conditional exceptants are denied and the auditor's proposed schedule of distribution is approved. The trustee is ordered to make the following distribution:

1/6 to Carl F. Ritchey and 1/6 to John Ritchey, as children of George Ritchey.

1/6 to Nancy Lehman O'Hanlon and 1/6 to Maryella Lehman Edwards, as children of Jacob C. Lehman.

1/3 to Mary Ward, as child of Charles Lehman.