## Mulliken, Appellant, *v.* Earnshaw.

*Wills—Vested and contingent remainders—Devise.*

The policy of the later cases on the construction of wills is to ascertain the actual intent of the testator without resort to artificial canons of construction or presumptions of intent from the use of certain forms of expression.

Except where certain forms of expression have become rules of property the intent of each will in turn is to be ascertained as it would be in a contract.

Where real or personal estate is devised or bequeathed to such children, or to such child or individuals as shall attain a given age, or the children who shall sustain a certain character or do a particular act, or be living at a certain time, without any distinct gift to the whole class preceding such restrictive description, so that the uncertain event forms part of

the description of the devisee or legatee, the interest so devised is necessarily contingent on account of the person. For until the age is attained, the character is sustained or the act is performed, the person is unascertained: there is no person answering the description of the person who is to take as devisee or legatee.

Testator after a devise to his widow for life directed as follows : " and from and immediately after her death or marriage, I give and devise my said real estate unto my children then living, and the issue of any that may be deceased, in equal parts and shares absolutely and in fee simple, the issue of any deceased child to take only the deceased parent's share." *Held,* that the remainders to the children were contingent.

Argued March 29, 1904. Appeal, No. 60, Jan. T., 1904, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1903, No. 579, for defendant on case stated, in suit of Mary A. Mulliken v. John R. Earnshaw. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Case stated to determine marketable title to real estate passing under the will of Charles P. Mulliken, deceased.

From the case stated it appeared that the premises in question were 3649 and 3651 Smedley street in the city of Philadelphia. The material portion of the case stated was as follows :

That in and by said last will and testament the said testator devised as follows : " I give and bequeath all my personal estate and property whatsoever and wheresoever unto my wife Mary Ann Mulliken absolutely and all my real estate whatsoever and wheresoever I give and devise unto my said wife for and during all the term of her natural life if she so long remain my widow and from and immediately after her death or marriage I give and devise my said real estate unto my children then living and the issue of any that may be deceased, in equal parts and shares absolutely and in fee simple the issue of any deceased child to take only the deceased parent's share."

The said Charles P. Mulliken left surviving him a widow, Mary Ann Mulliken, the plaintiff herein, and the following named children : Edward L. B. Mulliken, Emily Elizabeth Mulliken and Mary Printz Mulliken. The said Edward L. B. Mulliken is married, but without issue. Emily Elizabeth Mulliken and Mary Printz Mulliken are unmarried.

That on May 28, 1903, Mary A. Mulliken, widow of said Charles P. Mulliken, deceased, contracted to sell the above-

described real estate to John R. Earnshaw, the defendant herein, for the sum of $2,600, and convey to him an indefeasible fee simple title. Fifty dollars was paid to plaintiff by defendant on account of the purchase price.

That the said Mary A. Mulliken on September 18, 1903, tendered to defendant a deed for the above-described property, duly signed and sealed by herself, Edward L. B. Mulliken, and Ella May Mulliken, his wife; Emily Elizabeth Mulliken and Mary Printz Mulliken. Defendant declined to take title to said property and refused to pay the balance of the purchase price upon the ground that the children of said Charles P. Mulliken, deceased, did not have vested remainders in the said real estate, and that consequently the deed executed as aforesaid would not convey to him an indefeasible title.

The court entered judgment for defendant on the case stated.

*Error assigned* was the judgment of the court.

*George J. Edwards, Jr.,* for appellant.—It is a well established canon of construction in cases involving wills that where an estate is devised for life with remainder over to the testator's children then living or surviving, the words " then living " or " then surviving " shall be held to refer to the period of the testator's death in the absence of a clearly expressed intent that they shall refer to the death of the life tenant: Barker's Appeal, (Pa.) 2 Cent. Repr. 282; Thran v. Herzog, 12 Pa. Superior Ct. 551; Johnson v. Morton, 10 Pa. 245 ; Manderson v. Lukens, 23 Pa. 31; Ross v. Drake, 37 Pa. 373 ; Womrath v. McCormick, 51 Pa. 504; Cressons's Appeal, 76 Pa. 19 ; Crawford v. Ford, 7 W. N. C. 532; Laguerenne's Estate, 12 W. N. C. 110; Bloodgood's Est., 8 Pa. C. C. Rep. 546.

In order that these children shall possess the estate, the only requirement is that they shall live longer than the life tenant. The children were all in existence at the testator's death and the class to take was then definitely ascertained: Manderson v. Lukens, 23 Pa. 31.

If the estates devised are held to be contingent, then in the event of the death of all of testator's children without issue, an intestacy would be created which the law always seeks to

avoid if possible: Sterling's Est., 7 Pa. C. C. Rep. 223; Duffy's Estate, 36 W. N. C. 199; Redding v. Rice, 171 Pa. 301; Merkel's Appeal, 109 Pa. 235.

The words "from and immediately after" the death of the life tenant are not to be construed as indicative of contingency. They are held to mark the period when an estate already vested in interest vests in possession: Andrew v. Andrew, L. R. 1 Ch. Div. 410; Manderson v. Lukens, 23 Pa. 31.

If we read the will in the light of a proper interpretation placed on its various parts, it is a devise to the widow for life and "from and immediately after her death I give and devise my said real estate to my children living at my death and the issue of any that may be deceased."

This interpretation is sustained by the following cases: Manderson v. Lukens, 23 Pa. 31; Womrath v. McCormick, 51 Pa. 504; Cressons's Appeal, 76 Pa. 19; Crawford v. Ford, 7 W. N. C. 532; Laguerenne's Estate, 12 W. N. C. 110; Estate of John Pechin, 13 Phila. 323; Barker's Appeal, 2 Cent. Repr. 282; Bloodgood's Estate, 8 Pa. C. C. Rep. 546; Harris v. Carpenter, 109 Ind. 540 (10 N. E. Repr. 422); Hoover v. Hoover, 116 Ind. 498 (19 N. E. Repr. 468).

*John G. Johnson,* for appellee was not heard, but cited in his printed brief: Mergenthaler's App., 15 W. N. C. 441; Reichard's App., 116 Pa. 232; Pleasonton's App., 99 Pa. 362; Craige's App., 126 Pa. 223; Reilly's Estate, 200 Pa. 288; Raleigh's Est., 206 Pa. 451; Martin's Est., 185 Pa. 51.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 16, 1904:

The want of harmony in the cases dealing with the period to which the words "then living" or similar phrases, in a will, should be applied, arises· mainly from the artificial canon of construction that the period intended is presumed to be the death of the testator. The canon itself grew out of the preference in the policy of the law, in all doubtful cases, for vested rather than contingent interests. Like all artificial rules it had the constant tendency to become an arbitrary fetter instead of a mere instrument for the ascertainment of the testator's intent. The policy of the later cases in this state, if not everywhere, is to get back to the true rule of looking only to the

actual intent. There is no sound reason in the nature of things why the actual meaning of the person using the words should not be sought in the case of a will exactly as it is in the case of a contract. But as wills very frequently affect the devolution of real estate and become part of the chain of title they acquire an importance which they would not have as temporary instruments of contract. Hence when certain forms of expression in wills have been given an interpretation and have got into the reports with that meaning and the draftsmen of other wills have followed them, they gradually assume the character of rules of property, which the courts will be careful in disregarding. Except so far as this consideration is a restraining force, there is no reason why the actual meaning of the testator should not be ascertained and enforced on the same lines as it would be in a contract, and the recent decisions contain frequent intimations that precedents in will cases are of little weight. Every will, said Chief Justice SHARS-WOOD in Fox's Appeal, 99 Pa. 382, "must be construed from its four corners to arrive at the true intention of the testator. Decisions upon other wills may assist but cannot control the construction."

In the present case there is no room for doubt as to the actual intent of the testator. His words are, after a devise to his widow for life, " and from and immediately after her death or marriage, I give and devise my said real estate unto my children then living, and the issue of any that may be deceased, in equal parts and shares absolutely and in fee simple the issue of any deceased child to take only the deceased parent's share." All these remainders are clearly contingent. No child takes a vested interest because until the happening of the contingency prescribed, the death of the widow, it cannot appear that he will be in the class to whom the devise is made, to wit: those then living, and if he should die before then leaving issue such issue would claim directly in their own right under the terms of the will. That this was the time actually meant by the testator is so clear on the face of the will that it would not admit of contradiction by the presumption of a different intent under any rule of construction. But the case does not really involve the canon of construction relied on by appellant. It belongs to the class of Craige's Appeal,

126 Pa. 223, where the rule is quoted approvingly from Smith on Executory Devises in this form : " Where real or personal estate is devised or bequeathed to such children, or to such child or individuals as shall attain a given age, or the children who shall sustain a certain character or do a particular act, or be living at a certain time, without any distinct gift to the whole class preceding such restrictive description; so that the uncertain event forms part of the description of the devisee or legatee ; the interest so devised is necessarily contingent on account of the person.  For until the age is attained, the character is sustained, or the act is performed, the person is unascertained ; there is no person answering the description of the person who is to take as devisee or legatee."

The rule is again approved in the same form in Reilly's Est., 200 Pa. 288 (304), and to the same effect is Raleigh's Estate, 206 Pa. 451.

That is the exact situation in the present case.  There is no person now answering the testator's description of the persons who are to take, a child who has survived the widow, or the surviving issue of a child who has died before the widow, and it is altogether uncertain which if any of the persons now living may fulfil the description when the event shall happen which is to determine the contingency.

Judgment affirmed.