# Mayhew's Estate.

*Wills—Construction—"Issue" — Life estate — Rule in Shelley's Case.*

Where the actual intention of the testator, gathered from the language of a will, is to give only a life estate with remainder to

the "issue" of the devisee, the word "issue" is not equivalent to the words "heirs of the body," and the rule in Shelley's Case does not operate to vest the fee in the devisee.

Argued October 6, 1922. Appeal, No. 230, Oct. T., 1922, by Gertrude Estelle Pike, from decree of O. C. Phila. Co., July T., 1887, No. 137, dismissing exceptions to adjudication upon the account of William H. Peace, trustee, in the estate of Lavinia M. Mayhew, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication upon account. Before GUMMEY, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Gertrude Estelle Pike, the exceptant, appealed.

*Errors assigned* were the decree of the court and its action in dismissing the several exceptions.

*Paul M. Rosenway,* for appellant.—The appellant took a fee under the will: Kleppner v. Laverty, 70 Pa. 70; Armstrong v. Michener, 160 Pa. 21; Mylin v. Hurst, 259 Pa. 77.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., March 2, 1923:.

The testatrix died February 13, 1885. Her daughter, Gertrude Estelle, survived her and has six children all of whom are living. Her will reads as follows: "I wish my real estate kept in good repair, and I do not desire it to be sold during the life time of my daughter Gertrude Estelle Mayhew. I give and bequeath to my said daughter Gertrude Estelle Mayhew all my personal property and the interest of all real estate belonging to me, as long as she lives, but if my said daughter Gertrude

Estelle Mayhew should marry, then at her death the interest of my real estate goes to her issue. But in the event of my daughter's death without issue all my property shall go to the Home for Destitute Colored Children, located at Marylandville, on the Darby Road. I appoint Messrs. William Burton Sloan, William Penn Johnson and Patrick Smith to be the executors and trustees of my will and guardians of my daughter during her minority. Philadelphia, January 6th, 1872." We are concerned only about the real estate for the personal property has been exhausted. Did the daughter take a life estate or does the rule in Shelley's Case apply? It will be observed that there are no technical words of limitation in the will such as "heirs" or "heirs of the body," but the estate is limited to the "issue" of the daughter, and the decision depends upon what meaning we attach to the word "issue." Did the testator use it as an equivalent to "heirs of the body"? The court below in its opinion (Mayhew's Est., 1 D. & C. R. 305) relies largely on English's Est., 270 Pa. 1. In that case Chief Justice MOSCHZISKER after discussing the subject at some length and with reference to a number of cases concludes as follows: "The rule in Shelley's Case has become fixed in our law as more than a guide to construction—it is a rule of law; and every testator should know at this late day that, when technical words, such as 'heirs' or 'heirs of the body' are used, the rule applies (Stout v. Good, 245 Pa. 383, 385; Lee v. Sanson, 245 Pa. 392, 395; Harrison v. Harris, 245 Pa. 397, 400) just as though the writer of such expressions had said in plain words 'I give the devisee an estate in fee'; but the word 'issue' in and of itself, never had such technical significance (Stout v. Good, 245 Pa. 383, 387), and now, that estates tail have ceased to exist in Pennsylvania (since the Act of 1855), there is no apparent reason why, in order to construe a devise into an estate tail, so that it may be held a fee, the word 'issue' should have a technical meaning forced on it for the purpose of

bringing a devise within the rule of Shelley's Case. When a case naturally falls within that rule, it applies with all its attributes (Pattin v. Scott, 270 Pa. 49), but, as pointed out, the intention of the testator to indicate a line of inheritance from the devisee must be found in each case before the rule is applied; and, in ascertaining this intention, where the word 'issue' is used, the Act of 1897 [9 July. P. L. 213] as construed by this court, when it controls, sweeps away much old law and gives a plain guide for the future." See Mebus's Estate, 273 Pa. 505.

Looking at the will before us we find that the gift of all interest of the real estate is to the daughter as long as she lives, "then at her death" her interest was to pass to her issue, and if she had none, then to charity. The executors named are also denominated trustees and guardians. All this indicates that the corpus should pass to the remaindermen at the termination of the life estate. Numerous cases can be cited in which the word "issue" was construed to mean the same as the words "heirs of the body," but in the construction of wills precedents are of little value, and there is no construction that "will not have many fellows in company to keep it in countenance": McCullough v. Fenton, 65 Pa. 418; Mulliken v. Earnshaw, 209 Pa. 226. Since the word "issue" has not the fixed meaning that "heirs" has, we are at liberty to construe the will without having, as stated above, any technical meaning of the words forced upon us. We think the actual intention gathered from the language of this will was to give the daughter only a life estate and we, therefore, agree with the orphans'. court that the word "issue" is not equivalent in this connection to the words "heirs of the body" and that the daughter did not take a fee.

The assignments of error are overruled and the decree of the orphans' court is affirmed. Appellants to pay the costs.