378 A.2d 276

In the Matter of the Estate of Burton F. BLOUGH, Deceased.

Appeal of Naomi J. ROBINSON, Robert H. Redmond, Thomas M. Montgomery, Laura A. Wilson, Charles Burton Redmond, Laura Redmond Foley, Audrey West, Jane Powley and Mary De-Chant Grant.

Supreme Court of Pennsylvania.

Argued Oct. 13, 1976.

Decided Oct. 7, 1977.

Harold R. Prowell, John D. Kuhn, Harrisburg, for appellants.

Heath L. Allen, Harrisburg, for appellee Mary Blough Vollmer.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Burton F. Blough (Testator) executed a will on February 11, 1927, which took effect upon his death, May 30, 1928. After making specific bequests to his wife, to his only child (appellee Mary Blough Vollmer, then Mary Blough Wagner), and to a charity, he directed that the residuary of his estate be placed in trust. The will directed the trustees

> "to pay the income therefrom . . . unto my wife, Irene C. Blough, and my daughter, Mary Blough Wagner, share and share alike, at such times as may be practicable, and at or upon the decease of my wife I direct that her share of the income shall be paid to my daughter, and at or upon the decease of my daughter I direct that her share of the corpus of my estate, including that upon which my wife received income, shall be distributed among her children, and if the child or children should be deceased, her grandchild or grandchildren shall represent their parent in such distribution."

Testator's wife died on November 11, 1944, and appellee became the sole income beneficiary of the trust. Appellee had only one child, Mary Patricia Wagner, who died without issue on March 26, 1974. By her will she bequeathed her residuary estate to appellee.

On January 23, 1975, appellee petitioned the Orphans' Court Division of the Court of Common Pleas of Dauphin County for termination of the trust. Appellants, collateral heirs of the testator (issue of testator's brother and sister), filed an answer to the petition objecting to termination of the trust. On June 22, 1976, the orphans' court granted the petition and terminated the trust. We affirm.[1]

The question presented is whether appellee, through her daughter's will, obtained a vested right to the remainder interest in the corpus of the trust, justifying termination of the trust.

Appellee contends that the testator created a vested remainder in his grandchild, appellee's daughter, subject to divestment upon occurrence of the condition subsequent that she predecease the life tenant *and* die with issue. Appellee argues that since her daughter died without issue, the condition subsequent can never occur; thus, the remainder interest passed to appellee by her daughter's will, causing a merger of the remainder interest with appellee's life estate. Appellee maintains that the sole purpose of the trust was to preserve the principal for the remaindermen. Since appellee's age (76 years) renders the possibility of additional remaindermen extremely remote, appellee submits that the trust no longer serves any purpose and should be terminated.

Appellants contend that the testator's intention was that the remainder of his estate go to living persons, as evidenced by the substitutionary gift to great grandchildren should their parents be deceased at the time the life estate terminates. They argue that the grandchild's remainder interest

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp.1977).

was contingent upon her surviving the life tenant, and could not be passed to appellee, since it never vested. Appellants further assert that, since there are no living grandchildren or great grandchildren of the testator, the trust principal should be distributed among testator's statutory heirs living at the time appellee's life estate terminates. Alternatively, appellants argue that even if the grandchild's interest vested and passed to appellee by the grandchild's will, termination of the trust is premature.[2]

The orphans' court held that (1) the interest of the grandchild vested upon testator's death and passed to appellee by the grandchild's will; (2) the only purpose of the trust was to preserve the principal of the trust for the remaindermen; and (3) termination was appropriate since the purpose of the trust had been accomplished.[3]

2. Independent of their claim as potential remaindermen, appellants advance three arguments why the purposes of the trust are unfulfilled and termination premature: (1) a legal remainder cannot merge with an equitable life estate; (2) the trust is still active because the trustees have continuing duties; and (3) there is still a possibility of additional remaindermen through birth, or adoption of a minor child by appellee.

3. The orphans' court rejected appellants' contention that they were possible remaindermen under the will. The court recognized that the remainder interest was subject to open to allow in any subsequent issue of appellee, but held that appellee's advanced age (then 75 years) and unstable health rendered the possibility of further child-bearing or adoption of a minor child too remote to justify denying the petition to terminate. See generally 20 Pa.C.S.A. § 2514(7) (Supp. 1977) (in construing devise or bequest to person described by relationship to another person, adoptive child considered child of his adopting parents, except that, when testator is not the adopting parent only a child adopted when a minor so considered, unless adoption reflected a parent-child relationship existing during child's minority); *Appeal of James E. Gowen, Trustee,* 106 Pa. 288 (1884) (when distribution of a fund involved, principles of equity control, rather than common law presumption of fertility); see also *City Bank Farmer's Trust Co. v. United States,* 74 F.2d 692 (2d Cir. 1935) (treating as indefeasibly vested a gift over upon death of life tenant without issue when female life tenant, although living, was fifty-nine years of age); *Walker Estate,* 62 D. & C.2d 536, 23 Fiduc.Rep. 617 (Pa.C.P.1973) ("rule of fertile octogenarian" has been abandoned in Pennsylvania); see also *Case Estate,* 84 D. & C. 123 (Pa.C.P.1952); *Kelby Estate,* 80 D. & C. 1 (Pa.C.P.1952); *Holmes Estate,* 66 D. & C. 612 (Pa.C.P.1949); *Barnsley's Estate,* 59 D. & C. 653 (Pa.C.P.1947);

The parties and the orphans' court have characterized the central issue as whether the remainder interest of testator's grandchild was vested subject to a condition subsequent, or whether it was contingent. More specifically, the question is whether the grandchild's remainder interest was defeated because she failed to survive the life tenant.

The will provides that the children of any grandchild not surviving the life tenant shall represent their parent in the distribution of the remainder. If this condition is construed to require that the grandchild survive the life tenant, it does not matter whether the requirement be characterized as a condition precedent and the remainder interest contingent, or a condition subsequent and the remainder interest vested subject to defeasance.[4] Under either characterization, the

*Leonard's Estate*, 60 D. & C. 42 (Pa.C.P.1947); *Lare's Estate*, 57 D. & C. 163 (Pa.C.P.1946).

The orphans' court recognized the general rule that merger of estates results only if the interests meeting in the same person are of the same character, i. e., either both legal or both equitable. E. g., *Moore's Estate*, 198 Pa. 611, 612, 48 A. 884, 887 (1901). However, the court recognized an exception permitting merger of legal and equitable interests when the purpose of the trust creating the equitable estate has been satisfied or has failed. See *Harrar's Estate*, 244 Pa. 542, 91 A. 503 (1914); *Sharpless' Estate*, 151 Pa. 214, 25 A. 44 (1892). We note that the result in *Harrar's Estate*, and *Sharpless' Estate* need not be viewed as an exception to the merger doctrine. In such circumstances, the remainder interest does not vest in possession because of a merger of the equitable and legal estates. Rather, the remainder interest vests in possession upon the termination of the preceding estate, when the trust purpose has failed or been accomplished.

4. Survival as a condition subsequent is a logical anomaly, but one long accepted in the law. See, e. g., *In re Taylor*, 384 Pa. 550, 121 A.2d 119 (1956); *Jennings' Estate*, 266 Pa. 60, 109 A. 544 (1920); 5 Page on Wills § 43.10, at 360 (3d ed. 1962). Professor Gray points out the anomaly with the example of a gift to A. for life, remainder to B. and his heirs, but if B. dies before the termination of the life estate, then to C. and his heirs.

"Here, if the condition ever affects B.'s estate at all, it will prevent it from coming into possession; it will never divest it after it has once come into possession. . . . If the law looked on vested and contingent interests with an impartial eye, it would seem that such remainders should be held contingent. A condition which may prevent an estate's coming into possession, but which can never divest it after it has come into possession, is a condition in its nature precedent rather than subsequent. But the preference of

interest would be defeated, and could not have passed to appellee, since it is undisputed that the grandchild did not survive.[5]

On the other hand, if the condition is construed to defeat the grandchild's interest only if she predeceases the life tenant *and dies with issue*, it is also immaterial whether her interest be viewed as vested subject to defeasance upon this condition, or contingent upon her either surviving the life tenant *or* dying without issue. The orphans' court held that the interest was vested subject to defeasance if the granddaughter predeceased the life tenant with issue. But even if the interest of the grandchild is viewed as contingent upon surviving the life tenant or dying without issue, the result would be the same in this case because the contingency vesting the interest in the grandchild occurred upon her death without issue.

The question whether an interest is subject to a condition of survivorship does not turn on whether the interest is vested or contingent.[6] Normally, the characterization of the

the law for vested interests has prevented this view's being adopted."

J. Gray, The Rule Against Perpetuities §§ 104–05, at 91–92 (4th ed. 1942).

5. See, e. g., *Metzgar Estate*, 395 Pa. 322, 324, 148 A.2d 895, 898 (1959); *Buzby's Appeal*, 61 Pa. 111, 117–18 (1869).

6. This fact has on occasion been recognized by the Court. In *Metzgar Estate*, supra, testator provided for a life estate to his wife, remainder "to my Brothers and Sisters then living". 395 Pa. at 323, 148 A.2d at 896. Testator's wife predeceased him. At her death, two of the testator's sisters were still living. Later, one of the sisters predeceased testator. The issue was whether the daughter of the predeceased sister was entitled to her mother's remainder interest upon the death of the testator, or whether the will imposed a condition that the sister survive the testator as well as the intended beneficiary of the life estate, testator's wife. Mr. Justice Jones (later Chief Justice) noted:

"The sole question herein presented is whether under the language of this will membership in the class of takers was to be ascertained at the time of the life-tenant's, or the testator's, death. Any discussion of whether the interest of the testator's brothers and sisters under this will was vested or contingent would seem academic in view of the testamentary requirement that the takers must survive to a certain time or event; whether the interest be

question whether the interest is vested or contingent will not affect the result, since, in actuality, the court resolves the matter based on whether it finds a condition of survivorship to exist.[7] However, because the question whether a condition of survivorship exists is not identical with the question whether the interest is vested or contingent, the characterization may engender confusion.[8] Thus, our in-

> vested or contingent, if the taker failed to survive, his or her interest would be destroyed."
> 395 Pa. at 324, 148 A.2d at 897.
>
> In *Buzby's Appeal*, supra, testator devised a life estate to his son, remainder to his son's issue then living and the issue of any who were deceased and, if no such issue existed, in trust to testator's "right heirs." The son died without issue. The question presented was whether the "right heirs" were to be determined as of the time of testator's death or the death of the life tenant. A determination of the heirs at the time of the life tenant's death would impose, in effect, a requirement that heirs of the testator survive the life tenant to be included in the class. The Court declined to follow the reasoning of cases which had decided similar questions on the basis of whether the interests of the heirs at the time of the testator's death were vested or contingent. The Court held: "Whether . . . the remainder be regarded as contingent or vested, the heirs of the testator who were living at his death are entitled to it under the limitation." 61 Pa. at 117–18. See also Simes and Smith, The Law of Future Interests, § 135, at 114 (2d ed. 1956) ("In a large number of cases in which the discussion proceeds as if the problem were merely whether the remainder is vested or contingent, the real question involved is simply whether there is a requirement that a certain devisee must survive until his interest becomes possessory; it being conceded that he has not so survived."); *In re Estate of Callnon*, 70 Cal.2d 150, 74 Cal.Rptr. 250, 449 P.2d 186 (1969) (citing Simes and Smith); *Johnson v. Wishard*, 227 Ga. 355, 180 S.E.2d 738 (1970) (citing Simes and Smith).

7. See, e. g., *Jessup Estate*, 441 Pa. 365, 276 A.2d 499 (1970); *Houston Estate*, 414 Pa. 579, 201 A.2d 592 (1964).

8. The characterization may lead courts to erroneously assume: (1) that if there is no condition precedent of survivorship, the remainder is necessarily vested; and (2) that all contingent remainders are subject to a condition of survivorship. See Simes and Smith, The Law of Future Interests, supra, § 135, at 114–16. An example of how these assumptions can lead a court to an erroneous result is *Padgett v. Hatton*, 200 Ga. 209, 36 S.E.2d 664 (1946), cited in Simes and Smith, § 135, at 116 n.8. In *Padgett*, a deed was executed to a then childless grantee with the condition that if the grantee should die childless, the property was to be divided equally among the grantee's brothers and sisters. One of the brothers predeceased the grantee, who died childless. The question was whether the child of the

quiry is not whether the remainder in question is vested or contingent, but whether the remainder interest is subject to a condition that the grandchild, who died without issue, survive appellee, the life tenant.

 The primary consideration in the construction and interpretation of wills is that the intent of the testator be followed. E. g., *Estate of Jacobson,* 460 Pa. 118, 122, 331 A.2d 447, 449 (1975); *In re Estate of Horvath,* 446 Pa. 484, 486, 288 A.2d 725, 726 (1972); *Pearson Estate,* 442 Pa. 172, 180, 275 A.2d 336, 339 (1971); *McKinney Estate,* 435 Pa. 608, 612, 258 A.2d 632, 634 (1969). Absent ambiguity, that intent is to be determined from "the four corners of his will," *Estate of Jacobson,* supra. The duty of the court is not to determine what the testator might or should have said in light of subsequent events but, rather, the actual meaning of the words used. *Houston Estate,* 414 Pa. 579, 586, 201 A.2d 592, 595 (1964); *Kelsey Estate,* 393 Pa. 513, 516, 143 A.2d 42, 44 (1958). Only if the language employed by the testator is ambiguous should the court resort to canons of construction. *In re Estate of Horvath,* supra; *Houston Estate,* supra; *Newlin Estate,* 367 Pa. 527, 80 A.2d 819 (1951).

Here, we see no ambiguity. Testator granted a life estate to his daughter and provided that upon her death, the principal of the estate "shall be divided among her children, and if her child or children shall be deceased, her grandchild or grandchildren shall represent their parent or parents in such distribution." Nothing in the language employed by testator imposes a condition on the interest of testator's

brother who predeceased the grantee (life tenant) was entitled to his parent's interest in the remainder. The court held that since the child's parent's interest was contingent at the time of the parent's death, only the brothers and sisters who survived the life tenant were entitled to share in the remainder. Thus, the court erroneously implied a condition of survivorship because the interest was contingent, even though the only actual contingency was that the life tenant die without issue. Cf. *Black v. Todd,* 121 S.C. 243, 113 S.E. 793 (1922) (remainder contingent upon death of life tenant without issue not defeated by death of remainderman before life tenant; remainderman's descendants took contingent interest, which vested at death of life tenant without issue), cited in Simes and Smith, § 135, at 115 n.6.

grandchild that she be alive at the time of the life tenant's death. Appellants concede that there is no express requirement in the will that the grandchild survive the life tenant, but argue that such a condition should be implied from the gift over to children of any grandchild predeceasing the life tenant. Appellants cite no authority in support of implying a condition of survivorship on the interest of a remainderman, solely from the existence of a gift over to potential issue of the remainderman.[9] On the contrary, this Court has in numerous cases held that the mere fact of a substitutionary gift to potential issue of a remainderman in the event the remainderman predeceases the life tenant does not subject the remainderman's interest to a condition that he survive the life tenant. E. g., *Houston Estate*, supra; *Rickenback Estate*, 348 Pa. 121, 34 A.2d 527 (1943); *Lloyd's Estate*, 326 Pa. 230, 192 A. 98 (1937); *Jennings' Estate*, 266 Pa. 60, 109 A. 544 (1920); *Rau's Estate*, 254 Pa. 464, 98 A. 1068 (1916); *Carstensen's Estate*, 196 Pa. 325, 46 A. 495 (1900); *Chew's Appeal*, 37 Pa. 23 (1860).

In *Carstensen's Estate*, the testatrix created a trust to pay income to her husband for life, and upon his death:

" 'the whole estate then remaining to my brothers and sisters; the child or children of any of my said brothers or

9. As the orphans' court pointed out, all of the cases cited by appellants in support of their interpretation of the will involve wills with clear language imposing a condition of survival, from which the testator's intent could be determined:

"*Raleigh's Estate*, 206 Pa. 451, 55 A. 1119 (1903) ('. . . upon the death of my wife, my executors shall divide my entire estate into as many equal portions as I shall have children *living,* or that should be represented by lawful heirs . . .'); *Adams Estate*, 208 Pa. 500, 57 A. 979 (1904) ('. . . remainder to go and be equally divided among all the children of my said son, George, then living, and the issue of any then dead . . .'); *Mulliken v. Earnshaw*, 209 Pa. 226, 58 A. 286 (1904) ('. . . my said real estate unto my children *then living,* and the issue of any that may be deceased . . .'); *Feeney's Estate*, 293 Pa. 273, 142 A. 284 (1928) (a trust and income therefrom to continue at the time of testator's son's death during the lifetime of his children '. . . *living at the time of his death* . . .'); *Love Estate*, 362 Pa. 105, 66 A.2d 238 (1949) ('. . . unto the heirs and legal representatives of my brother . . . and my sister . . . *living at that time* . . .') (emphasis added)."

sisters who may then be dead, to take and receive the share that his or their parent would have taken if living.' " Id. 196 Pa. at 334, 46 A. at 496. One of the brothers of the testatrix died without issue during the life estate. A second brother predeceased the life tenant, but died with issue. The surviving brothers and sisters, and the issue of the second brother, argued that the class to take the remainder (brothers and sisters and issue of deceased brothers and sisters) was to be determined at the date the life estate ended. They argued that the interest of the brother who died without issue was defeated, since he did not survive the life tenant. The Court rejected this argument:

"We cannot agree . . . that the condition upon which the legacies were liable to be divested or defeated was simply the death of the legatees in the lifetime of . . . the life tenant. The divesting contingency was not merely the death of the legatee during the continuance of the particular estate, but it was his or her death during that period leaving a child or children. . . ." Id. 196 Pa. at 335, 46 A. at 496.

*Rau's Estate*, supra, involved facts similar to the instant case. There testator established a trust for the benefit of his daughter for life, remainder to the children of the daughter, with substitution of the issue of any deceased child or children of the daughter. As here, the daughter's only child predeceased her without issue. The Court held that the child's interest passed to her mother, the life tenant, under the intestate laws.

■ Against this consistent weight of authority, appellants seek support for their interpretation of the will in the canon of construction in the Act of June 29, 1923, P.L. 914, formerly codified at 21 P.S. § 11 (1930), repealed by the Act of April 24, 1947, P.L. 100, § 14(1), formerly codified at 20 P.S. § 301.14(1) (1950),[10] which was in effect at the time testator's will was written and at testator's death. The Act,

10. The policy expressed in the Act of 1923 is carried over in the present Decedents, Estates, and Fiduciaries Code, 20 Pa.C.S.A. § 2514(4) (1975).

the text of which is set forth in the margin,[11] creates a statutory presumption that where a testamentary trust provides for a life estate with remainder over to the testator's heirs, next of kin, or a "similar or equivalent phrase," those who are to take are to be determined as of the date the life estate ends, rather than the date of the testator's death. *Hood Estate*, 323 Pa. 253, 260, 186 A.2d 740, 743 (1936) (dictum). Where applicable the presumption imposes, in effect, a requirement that testator's heirs survive the life tenant, since it contemplates distribution to persons who would take under the intestate laws at the end of the life tenancy. The Act provides, however, that the presumption is overcome whenever testator has expressly, or by necessary implication, directed otherwise.

In arguing that the Act of 1923 is applicable, appellants rely on dictum in *Bonsall's Estate*, 288 Pa. 39, 42, 135 A. 724, 725–26 (1927), in which the Court stated:

"It may be very safely concluded that the legislature could not foresee every possible wording which a testator might use to define classes of persons to take in remainder (such as 'issue,' 'children,' 'grandchildren,' 'descendants' and the

11. The Act of 1923 reads:
"Hereafter, when, in and by the provisions of any deed or will or other instrument in writing, property, either real or personal, or both, shall be donated, granted, devised, or bequeathed, either directly or in trust, for the use and benefit of any person, charity, or other use, for years or for life or upon condition, and which shall provide therein that, upon the termination of the estate for years or for life or upon breach of condition or other cause, the remainder over shall vest in the donor's or testator's heirs or next of kin or the persons thereunto entitled under the intestate laws, or other similar or equivalent phrase, the same shall be construed as meaning the person or persons thereunto entitled at the time of the termination of the estate for years or for life or upon condition under the intestate laws of the Commonwealth as they shall exist at the time of such termination; and such phrases shall not be construed as meaning the person or persons who were the heirs or next of kin of the donor at the time the grant or donation was made or at the time the testator died: Provided, however, That nothing herein contained shall be construed to prevent any donor or testator from expressly or by necessary implication directing otherwise: And provided further, That the provisions of this act shall not apply to any case now pending."

like) and determined to cover them all by the expression 'similar or equivalent phrase.' " (emphasis added).

Appellants contend that the remainder to testator's daughter's children and, if they be deceased, to her grandchildren, triggers the statutory presumption.

■ Two factors persuade us that the Act of 1923 does not apply to the remainder interest here. First, the Act by its terms applies to remainders to vest in the "donor's or testator's heirs or next of kin," etc. Here, the remainder interest is not to testator's children or grandchildren, but to his daughter's.

Second, we question the dictum in *Bonsall's Estate* which suggests that a remainder to children or grandchildren is "similar or equivalent" to a remainder to heirs or next of kin. The Act, when applicable, provides for distribution among those entitled under the intestate laws at the time the life estate terminates. The Act is concerned with the time when membership in the class of heirs is to be determined. It was not intended to change the nature of the class. It is unlikely that the Legislature intended to have a gift to children or grandchildren be interpreted to include those who are neither children nor grandchildren, but who may be entitled to take as collateral heirs under the intestate laws—here, issue of testator's brother and sister. Testator's will made no provision for a gift to his brother or sister, or their issue, and we are unwilling to imply such a provision based upon a statutory presumption concerned only with the time estates vest.

■ Appellants assert several additional objections to termination of the trust. See note 3, supra. However, our determination that the remainder interest of appellee's child properly passed to appellee by her daughter's will, forecloses appellants' claim that they have an interest in the remainder. Appellants have alleged no other interest which would give them standing to object to the termination of the trust. In these circumstances, we need not consider their remaining claims. See, e. g., *Brooke's Estate*, 214 Pa. 46, 49, 63 A. 411, 413 (1906).

We agree, with the orphans' court that, under testator's will, his grandchild was bequeathed a remainder interest which could be defeated only by her death with issue during appellee's life. This interest became absolute upon her death without issue, and passed to appellee by the grandchild's will. We conclude, as the orphans' court did, that appellee is the only existing remainderman, and the possibility of additional remaindermen is extremely remote. Since we find that appellants have no interest in the remainder, they have no standing to object to termination of the trust. No basis appears for disturbing the orphans' court's decree terminating the trust.

Decree affirmed. Each party pay own costs.

JONES, former C. J., did not participate in the decision of this case.