469 A.2d 1046

**Annette FERBER, Appellee,**

v.

**AMERICAN LAMP CORPORATION, Harry Cohen, Isadore Cohen and Joseph Cohen, Appellants.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1983.

Decided Dec. 30, 1983.

Reargument Denied March 7, 1984.

E. Harris Baum, Martin J. Resnick, Norman P. Zarwin, Philadelphia, for appellants.

Michael J. Stack, Jr., Joseph A. Prim, Jr., David Zwanetz, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from the judgment of Superior Court, 308 Pa.Super. 619, 457 A.2d 579, affirming the judgment and order of the Court of Common Pleas of Philadelphia County in which Annette Ferber, Appellee herein, was awarded $370,000 under her father's will, as her share of profits from the family business, plus $133,175.48 in interest. This judgment arose from two actions in equity which Ms. Ferber brought against her three brothers Harry Cohen, Isadore Cohen and Joseph Cohen and the American Lamp Corporation. American Lamp Corporation is a closely held family corporation of which Ms. Ferber is a minority shareholder and the Cohen brothers are officers and directors.

In the first action, Ms. Ferber sought, *inter alia,* an accounting for distributed and undistributed net income from the corporation and payment of dividends. An amended complaint, averring that her father's will left her a share of the profits in the family business, now American Lamp Corporation and Atlantic Industries, Inc., which her brothers have denied her over sixteen years, prayed for judgment against the brothers and American Lamp Corporation for that portion of the estate of her father to which Ms. Ferber is entitled. In the second action, Ms. Ferber sued her brothers only, alleging that they and she are partners in the ownership of certain real estate and praying *inter alia* for an accounting, a dissolution of the partnership, and payment of any moneys due.

Although the trial court awarded Ms. Ferber $370,000 plus interest as her share of profits from the business, it denied relief in the second action. Superior Court affirmed the trial court's judgment and order and the Cohen brothers and American Lamp Corporation petitioned for allowance of appeal from that portion of the judgment of the Superior Court affirming the money judgment against them. We granted the petition, and for the reasons set out below, reverse the judgment of the Superior Court.

The ownership interests held by Ms. Ferber and her brothers in American Lamp Corporation had their origin in, and are controlled by, the following provision of the will of Benjamin Cohen, their father:

7. I order and direct that my present business shall be conducted by my executors, hereinafter named, their survivors or successors, and that the management and control of said business shall be under their supervision and management. I further direct that my sons, Samuel and Joseph, upon reaching their majority shall, if they so desire, join with my executors in the management and control of the said business, it being my purpose and intention that after my decease, my sons shall carry on and conduct my business so long as they shall so elect. I direct that the profits of the business, after allowing for a

sufficient working capital to carry on and maintain the purposes of the business, be divided in the following proportions:

One-third unto my beloved wife, Bella Cohen, and the balance thereof in equal shares among my children, Harry, Isadore, Samuel, Joseph and Annette.

Thus, under the terms of the will, profits from the family business were to be distributed one-third to Bella Cohen, and two-fifteenths each (two-thirds divided by five children) to each of the children named, including Ms. Ferber (Annette). Harry and Isadore Cohen, who were named the executors of the estate, were working in the family business when their father died, and were joined by their brother Joseph when he came of age. Samuel Cohen died in 1953 and his interest passed to his mother, Bella Cohen. She, in turn, transferred her interest in the business to her sons Harry, Isadore and Joseph Cohen, who incorporated the business in 1959 as the American Lamp Corporation.

The Cohen brothers also formed another corporation, Atlantic Industries, Inc., as a sales arm for American Lamp, which was a manufacturing entity. Ms. Ferber received shares in the American Lamp Corporation roughly but not exactly proportionate to her two-fifteenths ownership in the business, but she received no shares in Atlantic Industries, Inc. The trial court found, however, that these two corporations were, taken together, the corporate form of the business which had been devised to the testator's spouse and children. During the period from 1963–1979, the period at issue in this case, each of the Cohen brothers received at least $904,000 total compensation (salaries and benefits) from the family business, while Ms. Ferber received $13,553 as her share of profits.

■ According to the will, Ms. Ferber was to receive a $2/15$ (13.33%) share of "profits of the business." Whether the $13,553 which Ms. Ferber received is her proper share of "profits" is the major question in the case. In construing the words of a will, it is axiomatic that a court will give the words their ordinary and usual meaning, as that may be

determined by the context in which they appear. *See Matter of Blough's Estate*, 474 Pa. 177, 378 A.2d 276 (1977). The ordinary and usual meaning of "profits of the business" is the net amount of earnings left after ordinary, reasonable and necessary expenses of the business have been deducted from gross earnings.

The trial court, in awarding Ms. Ferber a judgment of $370,000, reasoned that since the business was a sole proprietorship when Benjamin Cohen wrote his will, he must have regarded "profits" as what he could take home from the business after he had paid his expenses. This take-home amount would be both his profit and his salary, according to the trial court, since in a sole proprietorship the two are indistinguishable. Thus, in calculating the profits earned by American Lamp Corporation and Atlantic Industries, Inc. over the sixteen year period at issue in this case, 1963–1979, the trial court disallowed as business expenses $2,712,100, or $904,000 apiece, which was paid to the three brothers as salaries, dividends, automobile, boat and entertainment allowances, and pension contributions. It found that some of the automobile, boat and entertainment payments were not for business purposes (and were therefore attributable to the brothers as a distribution of profits) and that none of the salaries or pension payments were business expenses, because they would not have been business expenses when the business was a sole proprietorship. Since the trial court regarded the $904,000 distributed to each brother as profits, it held that Ms. Ferber was entitled to a two-fifteenths share (13.33%) of these distributions, or $361,522, plus an additional sum for the year 1980, for a total of $370,000 plus interest.

▪ Although the trial court's perception that Ms. Ferber has been shabbily, even shamefully treated by her brothers during this sixteen year period cannot be disputed, the court was in error in its determination that "profits" of the business are to be calculated, in part, by excluding any sums paid as salaries and fringe benefits to the three brothers who worked in the business. Benjamin Cohen's

will expressly provided that his sons "carry on and conduct my business so long as they shall so elect." There is nothing of record to indicate that their incorporation of the business was improper or exceeded this authority, and it is hornbook law that there is nothing improper in the payment of reasonable salaries and fringe benefits to officers or directors of a corporation commensurate with the services they perform for the corporation. *See Bermann v. Meth,* 436 Pa. 88, 258 A.2d 521 (1969), 19 Am.Jur.2d Corporations § 1412, 8A PLE Corporations, § 265, 53 A.L.R.3d 358 § 4, 5.

It is clear that Benjamin Cohen wanted his sons to continue the business which he had begun. Had the sons been precluded from taking reasonable salaries and fringe benefits as officers of the two corporations, it seems likely that the father's testamentary intent would have been defeated, for some or all of the sons might then have chosen to work elsewhere, leaving the management of the business to others who would be hired for that purpose and whose salaries and benefits would be deducted from gross receipts in calculating net profits.

 Although the trial court found that certain auto, boat and entertainment expenses were not properly deducted as business expenses, since it took the position that no salary or pension payments could be excluded from distributable profits as business expenses, it did not address the reasonableness of the brothers' salary and pension compensation. This was error. The case is remanded for a new trial on the issue of the reasonableness of salaries, pension contributions, and other compensation, if any, paid to Harry, Isadore and Joseph Cohen. When the trial court has determined an amount that would have been reasonable compensation for Harry, Isadore and Joseph's services to the corporations, if amounts in excess of that amount, either in salaries or other benefits were paid, those excess amounts shall be treated as profits which were distributed to the three brothers and shall be used, along with other excess payments (i.e., auto, boat and entertainment payments

which have already been determined to be non-business related), to calculate the amount which is to be distributed to Ms. Ferber as her share of profits.

■ While we disagree with the trial court's treatment of the question of how profits were to be determined, we are in full accord with the trial court's observation that Harry, Isadore and Joseph Cohen, while providing for themselves what may be termed luxurious compensation, have, for all practical purposes, disregarded their father's wish that their sister be provided for in some significant way from the profits of the family business.

It has long been recognized that majority shareholders have a duty to protect the interests of the minority. This Court has stated that "majority stockholders occupy a quasi-fiduciary relation toward the minority which prevents them from using their power in such a way as to exclude the minority *from their proper share of the benefits accruing from the enterprise.*" *Hornsby v. Lohmeyer*, 364 Pa. 271, 275, 72 A.2d 294, 298 (1950) (Emphasis supplied). This does not mean, of course, that majority shareholders may never act in their own interest, but when they do act in their own interest, it must be also in the best interest of all shareholders and the corporation. *Weisbecker v. Hosiery Wide Patents, Inc.*, 356 Pa. 244, 251, 258, 51 A.2d 811, 814, 817 (1947).

■ The present case combines, to some degree, the law of corporations and the law of wills. The law of corporations provides Ms. Ferber with certain minority shareholder rights to a "proper share of benefits accruing from the enterprise," *Hornsby v. Lohmeyer, supra.* But Ms. Ferber's rights to a "proper share of the benefits accruing from the enterprise" are not merely rights deriving from a business expectation of return on an investment; rather, her rights derive from the provisions of her father's will that she share in the financial return from the family business. It would be anomolous and inequitable to hold that while the Cohen brothers may utilize the bequests in their father's will to assume control of the family business, they may disregard other provisions of that will which

limits their power to dispose of the earnings from the family business for their own benefit. Thus, consideration must be given to the testamentary intent of Ms. Ferber's father *both* that her brothers control the business *and* that she derive a financial benefit from the business. Therefore, in making its equitable determination as to the reasonableness of compensation paid to the brothers, the trial court must consider not only what would be reasonable compensation in a strict business sense, but also what would be reasonable in light of that provision of Benjamin Cohen's will which clearly intends that a benefit should flow from the family business to *all* the named children.

Reversed and remanded to the Orphans' Court Division for proceedings consistent with this Opinion.

HUTCHINSON, J., joins the majority opinion and files a concurring opinion.

ZAPPALA, J., concurs in the result.

LARSEN, J., files a dissenting opinion in which McDERMOTT, J., joins.

HUTCHINSON, Justice, concurring.

I agree with the majority that, as a general rule, salaries and pension contributions which are not excessive are legitimate business expenses and that the terms of the will executed by appellee's father do not require us to apply a different rule in this case. Therefore, I further agree that the Chancellor should have excluded any reasonable compensation paid to the Cohen brothers in the form of salaries and fringe benefits in calculating the profits realized by American Lamp Corporation and Atlantic Industries, Inc. from 1963 through 1979.

In determining whether the compensation paid to the brothers, as officers of the corporation, was reasonable, the Chancellor, on remand, must consider Benjamin Cohen's wish to provide for appellee's future support by directing, in his will, that she share in the profits of the family business.

Our Court has never decided which party has the burden of proof on the question of reasonableness of compensation

paid to corporate officers and directors. *Bermann v. Meth,* 436 Pa. 88, 90, 258 A.2d 521, 522 (1969). On the facts in the instant case, I would require the appellants to prove that the salaries and fringe benefits received by them during the sixteen-year period in question were not excessive. Placing the burden of proof on the appellants would simplify the Chancellor's task of effectuating the testamentary intent of appellee's father that appellee share, in a meaningful way, in the corporate profits.

In all other respects, I join the majority opinion.

LARSEN, Justice, dissenting.

I dissent. The lower court's finding that "profits" referred to a sum to be computed without taking into consideration salaries of any managing sons is supported by the evidence and hence the lower court's order should be affirmed.

McDERMOTT, J., joins in this dissenting opinion.